# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BENNY HAMMONS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:14-cv-01902-JAD-GWF

**ORDER**

    Petitioner Benny Hammons, a Nevada prisoner, has submitted an application to proceed *in forma pauperis* (Doc. 1) and a petition for a writ of habeas corpus under to 28 U.S.C. § 2254 (Doc. 1-1). The court has reviewed the petition pursuant to Habeas Rule 4, and the petition shall be docketed and served upon the respondents.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include a known claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim

    Also before the court is petitioner's motion for the appointment of counsel (Doc. 1-3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469

U.S. 838 (1984). However, counsel must be appointed if the case is so complexities that denial of counsel would amount to a denial of due process or the petitioner is a person of education so limited he is incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues do not appear to be particularly complex; therefore, counsel is not justified. Petitioner's motion is denied.

Petitioner has also filed a motion to extend prison copywork limit (Doc. 5). A court may order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011). As petitioner will have an opportunity to respond to or oppose respondents' response to his petition, petitioner's motion is granted. However, petitioner asks for $700 in copywork, with no explanation whatsoever for this amount, and this the court will not grant such a large sum. Petitioner shall be granted an additional $50 in credit for copywork to be used in this habeas proceeding only.

Finally, petitioner wrote on the § 2254 "evidentiary hearing requested," and the Clerk thus docketed his submission both as a § 2254 petition and a motion for evidentiary hearing (Docs. 1-1, 2). It is unclear whether petitioner intended to bring a motion for hearing. In any event, he sets forth no supporting argument whatsoever. Accordingly, the motion for evidentiary hearing is denied without prejudice.

**IT THEREFORE IS ORDERED** that petitioner's application to proceed *in forma pauperis* (**Doc. 1**) is **GRANTED**.

**IT FURTHER IS ORDERED** that the Clerk shall file and **ELECTRONICALLY SERVE** the petition (Doc. 1-1) on the respondents.

**IT FURTHER IS ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **30 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.** The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

**IT FURTHER IS ORDERED** that petitioner's motion for evidentiary hearing (**Doc. 2**) is **DENIED** without prejudice.

**IT FURTHER IS ORDERED** that petitioner's motion for appointment of counsel (**Doc. 3**) is **DENIED**.

1  **IT FURTHER IS ORDERED** that petitioner's motion to extend copywork limit (**Doc. 5**) is
2  **GRANTED**, but is limited to $50 for copies to be used in this habeas proceeding only.
3  Dated: January 16, 2015.

_____
UNITED STATES DISTRICT JUDGE