UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BENNY HAMMONS,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:14-cv-01902-JAD-GWF

**ORDER**
[##8, 10, 14, 16, 22, 24]

    This habeas matter comes before the court on motions by both parties. Previously, the court directed service of the original petition on respondents (Doc. 6). On January 22, 2015, and on January 30, 2015, petitioner filed a motion for appointment of counsel and a motion to compel, respectively (Docs. 8, 10). Petitioner then filed a first amended petition on February 5, 2015 (Doc. 12) and, before the court had ruled on his second motion for appointment of counsel, he filed a third motion for appointment of counsel on March 9, 2015 (Doc. 14). He filed a fourth motion for appointment of counsel on March 27, 2015 (Doc. 22). Respondents filed a motion for clarification of the first amended petition on March 30, 2015 (Doc. 16).

    The court turns first to petitioner's motion to compel (Doc. 10). He asserts that he was denied legal copies at Southern Desert Correctional Center (SDCC) after presenting this court's order dated January 16, 2015, granting an extension of the copywork limit. *Id.* Respondents oppose and assert that respondents' counsel contacted Rashonda Smith, SDCC law library supervisor (Doc. 11, p. 2), who claims she forwarded the order to the appropriate personnel and that, in fact, petitioner was actually in the law library making copies at the time that Ms. Smith was speaking with counsel. *Id.* While respondents provide no declaration attesting to any of the facts asserted in their opposition, petitioner did not file a reply responding to the opposition. Moreover, petitioner has filed several motions since filing the motion to compel, which, in and of itself, further indicates that he currently has access to legal copying, and in which he makes no reference to a continued inability to make legal copies. Accordingly, petitioner's motion to compel (Doc. 10) is denied.

Next, petitioner filed what he has styled as a second and third motion for appointment of counsel (Docs. 8, 14). However, each motion actually alleges a lack of SDCC law library access. Petitioner asserts in the second motion that inmates have law library access twice per week and that it is difficult to complete legal copies and legal mailings (Doc. 8-1). In the third motion, he states that the law library computers have been out of order since February 10, 2015 (Doc. 14, p. 2). The law library no longer has hard copies of legal textbooks, and petitioner claims that no computer access makes it impossible to "research the cases that the state uses against petitioner" and "contest the basis by which the adversarial process operates." *Id.* In opposing the third motion, respondents acknowledge that the law library computers had been down since February 17, 2015 (Doc. 15). They attach law library supervisor Smith's declaration, dated March 20, 2015, in which she states that, since the computers went down on February 17, 2015, inmates can access printouts of certain cases that the law library has on file; if an inmate has an urgent need, he may submit a kite and Ms. Smith will work with the other NDOC law libraries to fulfill those requests (Doc. 15, Exh. A, Declaration of Rashonda Smith, pp. 2-3). Ms. Smith also stated that between February 17, 2015, and the date of her declaration, petitioner had not submitted a kite requesting case law. *Id.* at 3.

Petitioner then filed a fourth motion for appointment of counsel in which he states that, as of March 20, 2015, the law library computers were still down and that "now our motions will be time-barred and we need legal representation" (Doc. 22, pp. 2-3). Petitioner claims that the computers were shut down in retaliation for the filing of prior motions challenging the validity of state laws. *Id.* Respondents oppose the motion and provide another declaration by Ms. Smith (Doc. 23, Exh. B, Declaration of Rashonda Smith). Ms. Smith attests that the law library server was replaced on March 23, 2015, and that inmates resumed their regular access to the law library computers since that day. *Id.* at 2-3. Ms. Smith stated that petitioner did not submit a kite requesting specific research or case materials between February 17 and March 22, 2015. *Id.* at 3. Respondents argue that petitioner has failed to present any evidence that any NDOC or SDCC personnel purposefully shut down the computers to retaliate against petitioner and that he fails to explain what motions will be time-barred or what legal research he needed to complete (Doc. 23, p. 3).

1  The court takes allegations of impediments to prison law library access seriously. However, while the SDCC law library computers were not working for a period of about one month, petitioner has failed to demonstrate that he, in fact, lacked law library access for specific legal research or specific filings or that he was prevented from completing any specific filing. Accordingly, petitioner's pending motions for appointment of counsel (Docs. 8, 14, 22) are all denied.

Finally, respondents have filed a motion for clarification of the first amended petition (Doc. 16). They point out that, as the grounds in his first amended petition, petitioner has attached pages from an opening brief on appeal of the denial of his state habeas petition, his reply brief on appeal, and his reply to the State's response to the supplemental points and authorities in support of his proper person state habeas petition. *Id.* at 2. Respondents further note that substantial content in a twenty-page section of the first amended petition is redacted or blocked out. *Id.* at 3. Petitioner has not responded to the motion for clarification.

The court has reviewed the eighty-one-page amended petition and concludes that it does not set forth grounds in any readily discernible or workable manner and that it does not satisfy the pleading requirements. *See, e.g.*, Habeas Rule 2(d). Accordingly, petitioner has 45 days from the date of this order to submit a second amended petition on the required form. He must follow the form and set forth each claim for relief along with the brief, specific, factual basis for each claim; he must not merely attach copies of previous petitions or pleadings. Petitioner is expressly informed that if he fails to file a second amended petition, this matter will proceed on his original petition (Doc. 7). No action by respondents is required until further order from this court.

IT THEREFORE IS ORDERED that petitioner's three motions for appointment of counsel **(Docs. 8, 14, 22) are all DENIED**.

IT FURTHER IS ORDERED that petitioner's motion to compel **(Doc. 10) is DENIED**.

IT FURTHER IS ORDERED that respondents' motion for clarification **(Doc. 16) is GRANTED** as set forth in this order.

IT FURTHER IS ORDERED that **Petitioner must file a second amended petition within 45 days from the date of this order, on the form provided and in compliance with this order, or this matter will proceed on the original petition.**

IT FURTHER IS ORDERED that **the Clerk SHALL SEND to petitioner the form and instructions** for Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a person in state custody (not sentenced to death) along with one copy of petitioner's first amended petition (Doc. 12).

IT FURTHER IS ORDERED that respondents' motion to extend time to respond to the first amended petition **(Doc. 24) is DENIED as moot.**

Dated this 28th day of April, 2015

_____
Jennifer Dorsey
United States District Judge

-4-