# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BENNY HAMMONS,

    Petitioner

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents

Case No. 2:14-cv-01902-JAD-GWF

**Order Granting Motion to Withdraw Motion and Directing Response to Petition for Habeas Corpus**

    Petitioner submitted a motion to stay proceedings on May 11, 2015. Doc. 27. Eighteen days later he filed a motion to withdraw that request. Doc. 30. The court grants the motion to withdraw the motion to stay.

    Petitioner also filed an amended petition. Doc. 31. Having reviewed the amended petition in accordance with Habeas Rule 4, the court orders the petition to be docketed and served upon the respondents. Petitioner is cautioned that a petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    IT THEREFORE IS ORDERED that petitioner's motion to withdraw motion to stay **(Doc. 30) is GRANTED**; the motion to stay proceedings **(Doc. 27) is DENIED as moot.**

    IT FURTHER IS ORDERED that **respondents are directed to file a response to the amended petition (Doc. 31) by September 17, 2015.**[1] The response may include a motion to dismiss and must comply with the following instructions, entered under Habeas Rule 4:

---

[1] Any requests for relief by petitioner by motion will be governed by the normal briefing schedule under the local rules.

1 • Any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss **not** in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

• In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that **petitioner has 30 days from service of the respondents' answer, motion to dismiss, or other response to the amended petition to file a reply or opposition**; any other requests for relief by respondents by motion are otherwise subject to the normal briefing schedule under the local rules.

IT FURTHER IS ORDERED that any additional state-court record exhibits filed herein by either party must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

IT FURTHER IS ORDERED that the parties **MUST SEND** courtesy copies of all exhibits to the **Reno** Division of this court. **While the Local Rules require parties to send paper courtesy copies of filings larger than 50 pages, in this instance, courtesy copies may be in paper form or**

**as PDF documents saved to a CD—provided that each PDF is clearly identified by exhibit number.** Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

Dated June 19, 2015.

_____
Jennifer Dorsey
United States District Judge