|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |

| | |
|---|---|
| Benny Hammons, | 2:14-cv-01902-JAD-GWF |
| Plaintiff | **Order** |
| v. | [ECF 37, 38, 39, 43] |
| Brian Williams, et al., | |
| Defendants | |

This is a habeas corpus petition brought by Nevada state prisoner, Benny Hammons, who is in the custody of the Nevada Department of Corrections (NDOC).  Hammons moves the court for various relief.  I address each request in turn.

**A.    Motion for appointment of counsel**

I first consider Hammons's motion for appointment of counsel (ECF 43), which respondents oppose.  ECF 44.  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  Generally, counsel must be appointed only if the complexities of the case are such that denial of counsel would amount to a denial of due process or the petitioner is a person of such limited education that he is incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Hammons's amended petition appears to present his issues sufficiently clearly, and the legal issues in this case do not appear to be particularly complex.  Therefore, counsel is not justified.  Hammons's request for appointment of counsel is denied.

**B.    Motion to compel production of exhibits**

Next, Hammons moves to compel the production of exhibits.  ECF 38.  Respondents oppose the motion and provide an affidavit from Southern Desert Correctional Center (SDCC)

law library supervisor along with SDCC mail logs that indicate that Hammons received copies of all exhibits filed by respondents in this action. ECF 41, Exhs. A-C. I suspect that the fact the exhibits were filed with respondents' motion for clarification and later referenced in respondents' motion to dismiss may have caused some confusion. Hammons did not reply to respondents' opposition, which also tends to indicate that confusion existed that has now been resolved. Because Hammons was served with all exhibits, his motion to compel is denied.

**C.     Motion to extend copywork limit**

Hammons's third pending motion is his form motion to extend his prison copywork limit. ECF 37. Respondents oppose this request, too, and they have provided a statement of Hammons's copywork account balance that the NDOC accounting staff provided. ECF 42, Exh. A. The statement reflects that Hammons has only incurred about $20 in copywork expenses out of the $100 normally allotted by NDOC before a litigant must seek an extension of the copywork limit. *Id*. Moreover, respondents have provided the exhibits in this case. The record reflects that Hammons has ample copywork allotment at this time to oppose respondents' motion to dismiss. The motion to extend the copywork limit is denied.

**D.     Motion for extension of time to oppose motion to dismiss**

Finally, Hammons moves for an extension of time to file his opposition to the motion to dismiss. ECF 39. The motion is granted. Hammons must file his opposition by January 29, 2016.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion for enlargement of time **[ECF 39] is GRANTED**, but his motion to extend copywork limit, motion to compel, and motion for appointment of counsel **[ECF 37, 38, 43] are all DENIED. Petitioner has until January 29, 2016, to file his opposition to the motion to dismiss.**

Dated this 29th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge

2