UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Benny Hammons,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:14-cv-01902-JAD-GWF

**Order Granting in Part and Denying in Part Motion to Dismiss and Resolving all other Pending Motions**

[ECF Nos. 35, 48, 49, 52, 56, 57, 79]

    Hammons brings this § 2254 action to challenge his state-court conviction for burglary and larceny and his resultant adjudication as a habitual criminal. Respondents move to dismiss all of Hammons's claims as duplicative, conclusory, or procedurally barred.[1] I dismiss grounds 4, 5, 13–15, and 16–44, permit grounds 1–3 and 6–12 to proceed, and order respondents to answer these remaining grounds by November 9, 2016. I also grant Hammons's motion to withdraw his motion to stay[2] and deny all other pending motions.[3]

## Background

    On January 27, 2010, a jury found Hammons guilty of burglary and grand larceny.[4] The state court district judge adjudicated Hammons a habitual criminal and sentenced him to two consecutive terms of life with the possibility of parole after ten years.[5] The judgment of conviction was filed that April, and the Nevada Supreme Court affirmed Hammons's conviction and sentence.[6]

---

[1] ECF No. 35.

[2] ECF No. 59.

[3] ECF Nos. 48, 52, 56, 57.

[4] ECF No. 17-25.

[5] ECF No. 18-2.

[6] ECF No. 19-4, 19-5.

In February 2012, Hammons filed a pro se post-conviction habeas petition in state district court.[7] The state district court appointed counsel, who filed a supplemental petition on Hammons's behalf.[8] After an evidentiary hearing, the state district court denied the petition,[9] and the Nevada Supreme Court affirmed.[10] Hammons timely dispatched his federal habeas petition on November 10, 2014.[11] Respondents move to dismiss Hammons's third-amended petition, arguing that all of his claims are either conclusory, duplicative, or procedurally barred. Hamons has filed motions for a copy of his first and third-amended petitions,[12] a motion to stay the proceedings,[13] an amended motion to stay the proceedings,[14] and a motion to withdraw his amended motion to stay.[15] Finally, respondents move to strike Hammons's surreply to their motion to dismiss.[16]

## Discussion

**A. Ground four is denied because it is not cognizable on federal habeas review.**

Alleged errors in the interpretation or application of state law are not cognizable on federal habeas review.[17] In ground four, Hammons alleges that there was insufficient evidence to support his habitual-criminal adjudication because the state failed to prove beyond a reasonable doubt that he

---

[7] ECF No. 19-7.

[8] ECF Nos. 19-13, 19-14.

[9] ECF Nos. 19-25, 20-7.

[10] ECF No. 21-5.

[11] ECF No. 7.

[12] ECF Nos. 48, 52.

[13] ECF No. 49.

[14] ECF No. 56.

[15] ECF No. 59.

[16] ECF No. 57.

[17] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

had three prior felony convictions as is required by Nevada's habitual-criminal statute.[18] Because ground four challenges the state trial and appellate court's application of Nevada's habitual-criminal statute, it is not cognizable on federal habeas review. Accordingly, ground four is denied.

**B.     Grounds 1–3 and 5–15 are partially exhausted.**

A federal habeas petitioner must first exhaust state-court remedies on a claim before presenting that claim to the federal court.[19] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[20] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[21] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[22] A petitioner must alert the state court to the fact that he is asserting a federal claim;[23] mere similarity between a state-law claim and a federal-law claim is insufficient.[24]

Hammons invokes the protections of the Sixth, Eighth, and Fourteenth Amendments for each of his claims.[25] Hammons raised the facts supporting these grounds verbatim in his post-conviction appeal to the Nevada Supreme Court,[26] but he did not there identify all three of these amendments as the federal bases for these claims. These claims are exhausted only to the extent that Hammons

---

[18] ECF No. 31 at 20–21.

[19] 28 U.S.C. § 2254(b)(1)(A).

[20] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[21] *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[22] *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[23] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[24] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[25] ECF No. 35 at 5–6

[26] ECF Nos. 31 at 3–65; 20-15.

identified their federal basis to the Nevada Supreme Court.

Hammons presented grounds 1–3 and 6–12 on post-conviction appeal as Sixth Amendment ineffective-assistance-of-counsel claims.[27] Thus, these claims are exhausted to that extent only. Hammons presented ground five to the Nevada Supreme Court as a claim that the trial court deprived him of his Sixth and Fourteenth Amendment due-process rights to testify in his own defense.[28] Ground five is therefore exhausted to the extent that it raises Sixth and Fourteenth Amendment claims. Ground 13 is exhausted to the extent that it raises Eighth and Fourteenth Amendment claims,[29] and ground 15 is exhausted as a Fourteenth Amendment claim only.[30]

### C.     Grounds 5, 13, and 15 are procedurally barred.

Procedural default occurs when a petitioner presents a claim to the state court but the state court disposes of the claim on independent and adequate state procedural grounds instead of on the merits. Federal habeas review of procedurally defaulted claims is barred unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."[31] To demonstrate cause to excuse a procedural default, the petitioner must show that some external impediment prevented him from raising the claim.[32]

The Nevada Supreme Court affirmed the denial of claims 5, 13, and 15 as procedurally barred under NRS § 34.810(1)(b) because they could have been raised on direct appeal, and Hammons failed to do so.[33] The Ninth Circuit Court of Appeals has held that, at least in non-capital

---

[27] *Compare* ECF No. 31 at 3–18, 27–53, *with* ECF No. 20-15 at 9–19, 23–35.

[28] *Compare* ECF No. 31 at 23–25, *with* ECF No. 20-15 at 21–23.

[29] *Compare* ECF No. 31 at 55–59, with ECF No. 20-15 at 36–39.

[30] *Compare* ECF No. 31 at 64, *with* ECF Nos. 20-15 at 41, 21-6 at 9.

[31] *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[32] *Murray*, 477 U.S. at 488; *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[33] ECF No. 21-6 at 9–10.

cases, application of NRS § 34.810 is an independent and adequate state ground barring federal habeas review if the state court did not "consider the merits of [the] constitutional claim when deciding" whether to apply the bar.[34] The Nevada Supreme Court did not consider the merits of these constitutional claims when deciding whether to apply the NRS § 34.810 bar, so these claims are procedurally barred from federal habeas review absent a showing of cause and prejudice. Hammons does not argue—or make any attempt to show—that he can demonstrate cause and prejudice to excuse his default. Accordingly, grounds 5, 14, and 15 are denied as procedurally barred.

**D.     Grounds 14 and 16–44 are denied.**

I agree with respondents that grounds 16–44 are duplicative of claims 1–15 because they rely on the same operative facts and assert the same legal theories. I therefore deny these claims as duplicative. Additionally, nine of the 13 subclaims included in ground 14 are duplicative of claims 1–15.[35] The remaining four subclaims in ground 14 are purely conclusory: (5) trial counsel failed to object to hearsay and double hearsay allegedly heard by the court and/or relied upon in the development of the state's case; (10) trial counsel was ineffective for failing to file any pre-trial evidentiary motions; (11) trial counsel failed to present a valid defense by using supporting law and facts to rebut the state's case; and (12) the district court abused its discretion by allowing counsel to remain as attorney of record for Hammons despite knowing about a conflict of interest.[36] These vague and conclusory allegations do not state grounds for federal habeas relief.[37] I therefore deny ground 14 as duplicative, vague and conclusory.

---

[34] *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[35] ECF No. 35 at 8–9.

[36] ECF No. 31 at 61–62.

[37] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted) (A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false.").

# Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **respondents' motion to dismiss [ECF No. 35] is GRANTED in part and DENIED in part:**

Ground 4 is DISMISSED as noncognizable;

Grounds 1–3 and 6–12 are partially exhausted and may proceed on the federal legal theories that I identified in this order;

Grounds 5, 13, and 15 are DISMISSED as procedurally barred.

Grounds 16–44 are DISMISSED as duplicative.

Ground 14 is DISMISSED as conclusory and duplicative.

IT IS FURTHER ORDERED that **respondents must file an answer to the remaining grounds in Hammons's third-amended petition by November 9, 2016.** Hammons will have 30 days from service of respondents' answer to file a reply.

IT IS FURTHER ORDERED that Hammons's **motion to withdraw his motion to stay [ECF No. 59] is GRANTED.** The Clerk of Court is directed to **STRIKE ECF No. 59.**

IT IS FURTHER ORDERED that Hammons's **motions for copies [ECF Nos. 48, 52], motion to stay [ECF No. 49], and amended motion to stay [ECF No. 56] are all DENIED as moot.**

IT IS FURTHER ORDERED that **respondents' motion to strike Hammons's surreply [ECF No. 57] is DENIED.**

Dated this 9th day of September

_____
Jennifer A. Dorsey
United States District Judge